# Kost's Appeal.

A., an administrator, filed his account showing a balance of $368.96 for distribution. He had actually paid all the items for which he claimed credit therein, except one credit of $750, for which he had given his note pending the confirmation of his account. The account was duly confirmed by the court, whereupon A. paid the note. The report of an Auditor appointed to distribute the fund was filed and confirmed *nisi*, when the next of kin of B., the decedent, filed a petition of review, setting out that they had no knowledge of the filing of the account, and that certain specified items therein were overcharges. Upon the report of an Auditor appointed in pursuance of the petition, the court opened A.'s account for a review and re-hearing on the items alleged to be erroneous. An Auditor was again appointed, and in his report surcharged A. to the amount of $582, on the ground that certain items paid by him for B.'s board and attendance (including the $750), were excessive. It appeared that B. was a lunatic, and on account of his loathsome habits it was particularly burdensome and disgusting to take care of him. Upon the confirmation of the Auditor's report by the court, A. appealed.

*Held*, that, assuming the power of the court to grant the review of A.'s account, it was error to reduce the credits therein. There was no evidence of fraudulent intent on A.'s part. The services rendered were of such a nature that it was difficult to estimate their value; and as to the note, A. having paid that after the confirmation of his account, upon the faith of the decree of the court, he was protected by said decree.

June 5th, 1884.    Before MERCUR. C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEAL from the Orphans' Court of *Cumberland county*: Of May Term, 1884, No. 25.

Appeal by Jacob Kost, administrator of the estate of Jacob Mussleman, deceased, from the order and final decree of said court, in proceedings to review the account of said administrator, under the Act of October 13th, 1840.

Jacob Mussleman died in December, 1875, and letters testamentary on his estate were granted to Jacob Kost, with whose father, John Kost, Mussleman had lived for many years. During the latter part of his life he was insane, and about six

months before his death he was sent to board at the house of one Peter Zerfing, where Ann C. Hoover and Jacob Sowers were employed, at various times, to assist in caring for him. Mussleman's habits were so uncleanly and disgusting as to render the care of him exceedingly disagreeable and irksome.

On November 11th, 1876, Jacob Kost filed his account showing a balance for distribution of $368.96. All the credits claimed by the accountant were for sums which had actually been paid out by him before the account was filed, except, that Zerfing, held the accountant's note for $750, pending the confirmation of the account. This was duly confirmed by the court on December 12th, 1876, and the Zerfing note was paid.

On March 22d, 1877, the court appointed an Auditor to distribute the balance in the administrator's hands, and said Auditor's report of distribution was duly confirmed *nisi*, . March 4th, 1878. On March 8th, following, the next of kin of the decedent, filed a bill of review, setting forth that they had no knowledge of the filing of the account, until after its confirmation ; and that the same contained certain errors and over-charges as follows :

   (1) John Kost, boarding decedent,  .  .  .  $ 70 00
   (2) Catharine Kost, washing, and attendance upon decedent  .  .  .  .  .  28 00
   (3) Jacob Sowers, attendance upon decedent for 49 days, from and after July 15th, 1875, at $2 per day,  .  .  .  .  98 00
   (4) Ann C. Hoover, attendance during illness,  .  .  .  .  .  ,  .  .  .  12 00
   (5) Peter Zerfing, the following bill : Boarding decedent 27 weeks, at $5 per week,  .  .  .  .  .  .  .  .  135 00
   (6) Attendance during late illness,  .  .  378 00
   (7) Washing 27 weeks, at $13 per week,  .  .  351 00
   (8) Boarding Jacob Sowers 7 weeks while assisting to attend decedent,  .  .  35 00
   (9) Boarding Mrs. Hoover while assisting in attending same,  .  .  .  .  .  15 00
  (10) Funeral expenses,  .  .  .  .  .  81 00
  (11) Claim of accountant for boarding decedent 1 year, from 1st of April, 1873, to 1st of April, 1874,  .  .  .  .  125 00
  (12) Accountant charges for settling estate  .  100 00

The petitioners further set up, that they were not informed of said errors and over-charges, until the filing of their bill, and prayed for a citation upon the administrator to appear

and show cause why an Auditor should not be appointed to revise and correct his account.

The citation was duly awarded, an answer filed to the bill by the administrator, depositions taken and reference made to an Auditor (John Hays, Esquire), to report the facts. In pursuance of this Auditor's report, on March 30th, 1880, the court opened the decree confirming the administrator's account, and granted a rehearing, before the same Auditor, on the items alleged to be erroneous.

By his report, the Auditor sustained the items of credit, in the administrator's account, numbered 1, 2, 4, 10, 11 and 12; and as to the remaining items,—No. 3, he reduced from $98 to $49; No's 5, 8 and 9 from $185 to $111, and No's 6 and 7 from $729 to $270. The last mentioned credits the Auditor held were over-charges, and he accordingly surcharged the administrator with $582.

Exceptions filed to this report were dismissed by the court and a decree entered, Dec. 21st, 1883, confirming the same and ordering distribution accordingly. Whereupon Jacob Kost, administrator, took this appeal, assigning for error said decree of the court, and also the decree of March 30th, 1880 opening his account for rehearing and review.

*F. E. Beltzhoover* and *Wm. J. Shearer*, for appellant.—Proceedings in this case were begun under the Act of October 13th, 1840 (P. L. 1) for opening accounts on petition of review specifically setting out the errors in said account. Under this Act there are but two cases in which a review of an account settled and confirmed in the Orphans' Court, can be claimed as a matter of right: 1. For error of law, apparent on the face of the record; 2. For new matter which has arisen since the decree. As a matter of *grace*, a review may be granted for new proof which has come to light since the decree was passed, and which could not have been used at the original hearing of the cause: Hartman's Appeal, 36 Pa. St. 70; Kachlein's Appeal, 5 Pa. St. Rep. 95; Yeager's Appeal, 34 Id. 173; Green's Appeal, 59 Id. 235. Neither error of law, new matter, nor new proof, is alleged in the petition in this case. Nor can the court annul its former decree independently of the Act. No fraud is alleged, and the opening of the account is a serious loss to the administrator, he having paid this money to poor people who cannot repay him. He was authorized to make the payment by a solemn decree of the court confirming his account, fairly and regularly filed and advertised. If such proceedings as this are allowed administrators will have but little protection and their accounts will never be at rest: Kinter's Appeal, 12 P. F. S. 323.

11 OUTERBRIDGE.—10

*S. M. Leidich* (with whom was *J. A. C. McCune*) for appellees.— The power of the Orphans' Court to review its decrees does not depend upon the Act of Oct. 13th, 1840, but rests upon the inherent equity powers of the court. The Orphans' Court has from the beginning exercised the power of reviewing and modifying its proceedings and decrees as an authority necessarily inherent and essential to the right discharge of its duties: George's Appeal, 2 Jones 262 ; Neisly's Appeal, 8 Barr 457 ; Metz's Appeal, 11 S. & R. 205 ; McNeel's Estate, 18 P. F. Smith, 414 ; Whelen's Appeal, 20 Id. 410 ; Bucknor's Estate, 7 W. N. C. 470 ; Milnes' Appeal, 3 Out. 483 ; Kuhn's Appeal, 6 Nor. 100. The Act of 1840 has only provided that in certain cases therein mentioned the Court *shall* review its decrees.

Mr. Justice CLARK delivered the opinion of the court, October 6th, 1884.

The errors assigned upon this record are to the orders and final decree of the Orphans' Court of Cumberland county, in the proceedings to review the account of Jacob Kost, administrator of the estate of Jacob Mussleman, deceased, under the Act of 13th October, 1840. The account was confirmed on the 12th December, 1876 ; it exhibited a balance of $368.96 in the accountant's hands. A bill of review was filed 8th March, 1878, by the next of kin, setting forth that they had no knowledge of the filing of the account until after its confirmation ; that the account contains certain errors and overcharges, specifically mentioned, and which we will refer to by number in the order in which they are stated, and that they were not informed as to these errors and overcharges until the time of the filing of the bill. The matter was referred to an auditor, upon whose report, on the 30th March, 1880, the court opened the account, and granted a re-hearing upon the items alleged to be erroneous.

An Auditor was again appointed ; in his report he sustained the items of credit, numbered 1, 2, 4, 10, 11 and 12, holding that they were not excessive in amount, and that the accountant was justly entitled to credit therefor. As to the remaining items, No. 3 was reduced from $98 to $49 ; Nos. 5, 8 and 9 from $185 to $111 ; and Nos. 6 and 7 from $729 to $270. The report of the Auditor was, 21st December, 1883, confirmed by the court, and the account so modified exhibits a balance of $950.96 in the hands of the accountant for distribution.

Assuming the power of the court to grant the review, we are of opinion that the court erred in the reduction of the accountant's credits, and in the re-statement of his account. According to the testimony of Jacob Kost, and the finding of the Auditor, Peter Zerfing's claim had not been paid at the date of

the original decree of confirmation. Zerfing held the account-
ant's note for $750, pending the action of the court upon the
account. That note was paid after the decree of confirmation,
upon the faith of the decree, and cannot now be recovered.
If even the charges were excessive in amount under such
circumstances, in the absence of fraud it would not, so far as
Zerfing's claim is concerned, be according to equity and justice
to reduce their amount. The rights of the accountant were
changed in consequence of the decree, he disbursed the money
of the estate, rightly relying upon the confirmation as a
finality; it would be grossly unjust, by opening that decree,
to deprive him of the protection which the law should afford
in such case: Kinter's Appeal, 12 P. F. S. 323.

The only item covered by this controversy, exclusive of
Zerfing's claim, is No. 3, amount paid Jacob Sowers, forty-nine
days' attendance at $2 per day, $98, reduced by the court to $49.

As the proceeding for review must fail upon every other
point, we are not disposed to sustain it upon this. The services
rendered in the nursing and care of this lunatic were of the
most disgusting and loathsome nature. A description of them
could serve no useful purpose, but it is difficult to imagine a
service more revolting and abhorrent; faithful services of this
character can rarely be procured, and it is difficult to estimate
their real value. The accountant, for all that appears, acted
in good faith; no fraudulent intent, dishonest purpose, or
reckless disregard of the interests of the estate is imputed to
him. In his testimony he says: "If I thought the charges
were too large I would not have paid them. I was satisfied
that they were not too much. I have only one rule for doing
things, and that is to render to others for the same service
what I would like to have. In this case some of them did not
get what I considered I should have had under the same
circumstances."

We believe the accountant was actuated by an honest pur-
pose, that the nature and character of Sowers's services were
peculiar, and their value was better known to the accountant
than to any other person. Under all the facts of this case, the
review should not have been granted, and, therefore—

> *It is ordered* that the decree of 30th March, 1880,
> opening the account of Jacob Kost, administra-
> tor of Jacob Mussleman, deceased, for rehear-
> ing and review, and also the decree of 21st
> December, 1883, reducing the amount of the
> accountant's credits and confirming the ac-
> count as modified, be reversed, and that the
> account as originally filed be confirmed, the
> costs of the appeal to be paid by the appel-
> lees.